IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUL 15 PM 2: 31
CLERK_____
SO. DIST. OF GA.

ANTHONY KARCHON HOLMES,

    Plaintiff,

v.                        CIVIL ACTION NO.: CV511-064

CORRECTION CORPORATION OF
AMERICA; COFFEE CORRECTIONAL
FACILITY; and PEGGY ANN COOPER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff states he believes that he broke his finger in January, 2011. Plaintiff claims he was told he needed an x-ray and was charged $5.00 for that service, but he did not receive an x-ray until two months later. Plaintiff says he now has a disfigured hand because he was denied medical treatment.

Plaintiff's claims against the Coffee Correctional Facility should be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

Plaintiff names Correction[s] Corporation of America, the private contractor which operates the Coffee Correctional Facility, as a Defendant. Private contractors who run

prisons act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir.2003). However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Services., 436 U.S. 658 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691. Plaintiff has not alleged that there was an established policy or custom on the part of Corrections Corporation of America that would make it liable.

Plaintiff lists Peggy Ann Cooper, the deputy warden of care and treatment, as a defendant in this action. To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.1990)). Plaintiff has not alleged that Defendant Cooper personally participated in the alleged constitutional violation or that there was a causal connection between her actions and the alleged constitutional violation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED** for failing to state a claim against the named Defendants.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE