# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

ANTHONY KARCHON HOLMES,      :

       Plaintiff,      :

       v.      :      CIVIL ACTION NO.: CV511-064

CORRECTION CORPORATION OF      :
AMERICA; COFFEE CORRECTIONAL      :
FACILITY; and PEGGY ANN COOPER,      :

       Defendants.      :

## O R D E R

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff states that Defendant Cooper exhibited deliberate indifference by denying Plaintiff's grievance. He also states Corrections Corporation of America and Coffee Correctional Facility should be responsible for his alleged injury.

Supervisory officials cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisors can, however, be held liable for their subordinates' constitutional violations on the basis of supervisory liability. Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007). Supervisory liability occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). An inmate can

establish the necessary causal connection by alleging that "a history of widespread abuse put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so." Mathews, 480 F.3d at 1270. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Owens v. Leavins, 2006 WL 1313192, at *2 (N.D.Fla. May 12, 2006).

Plaintiff makes no claims that Defendant Cooper had notice of a history of widespread abuse. Plaintiff fails to make any specific factual allegations against Defendant Cooper indicating that she violated his constitutional rights.

Plaintiff's claims against Coffee Correctional Facility and Corrections Corporation of America are sufficiently addressed in the Magistrate Judge's Report.

Plaintiff's Objections are without merit and are **OVERRULLED**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Plaintiff's claim is **DISMISSED**. The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this ___9___ day of ___August___, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA